UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: UBS AG OFFSHORE ACCOUNT
LITIGATION                                                                                    MDL No. 2386

ORDER DENYING TRANSFER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, defendant UBS AG (UBS) moves for centralization of this litigation in a single U.S. district court, and suggests four potential transferee districts, with a preference for the Northern District of Illinois. This litigation currently consists of two actions pending in two districts, as listed on Schedule A.[1]

Plaintiffs in the Western District of Pennsylvania action oppose centralization under Section 1407, arguing that voluntary coordination by the parties is more appropriate. Plaintiffs in the Eastern District of California action initially supported centralization, but withdrew their support at oral argument in light of the dismissal of a third related action.

On the basis of the papers filed and the hearing session held, we will deny defendant's motion. Although these actions share factual questions arising out of allegations that UBS made misrepresentations to plaintiffs concerning whether disclosure to the Internal Revenue Service was required for their offshore accounts and whether UBS failed to comply with certain IRS obligations, the Panel is not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. There are only two individual actions pending, following the June 21, 2012, dismissal of a related action raising class action claims. Of the two remaining individual actions, one is significantly more expansive with respect to the number of defendants involved (over 30 defendants) and the nature of the claims. Those claims encompass extensive conspiracy allegations and violations of federal and state securities laws, which are not raised in the other action. Given that only two actions are pending in two districts, UBS has failed to convince us that any factual questions shared by these actions are sufficiently complex or numerous to justify Section 1407 transfer at this time. Informal cooperation among the involved attorneys and courts is both practical and preferable. *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2011).

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] A third action was pending in the Northern District of Illinois, but that action was dismissed on June 21, 2012. Although the district court granted leave to file a second amended complaint, plaintiffs filed a notice of appeal and a docketing statement on July 23, 2012, representing that they did not intend to file an amended complaint.

-2-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

                              PANEL ON MULTIDISTRICT LITIGATION

_____
                John G. Heyburn II
                   Chairman

Kathryn H. Vratil        W. Royal Furgeson, Jr.
Barbara S. Jones        Paul J. Barbadoro
Marjorie O. Rendell

**IN RE: UBS AG OFFSHORE ACCOUNT LITIGATION** MDL No. 2386

**SCHEDULE A**

<u>Eastern District of California</u>

Nadia Roberts, et al. v. UBS AG, et al., C.A. No. 1:12-00724

<u>Western District of Pennsylvania</u>

Riwall P. Le Bars, et al. v. UBS AG, C.A. No. 2:12-00424